IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 11-447-GPM |
| | ) |
| DR. FAHIM, JEANNETTE COWAN, and WEXFORD, | ) |
| | ) |
|       Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Robert Williams, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a twenty-five year sentence for criminal sexual assault, and five years for aggravated battery. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff was sent to an outside medical facility where he had surgery on his left middle finger, on February 24, 2010 (Doc. 1, p. 5). The doctor who performed this surgery (Dr. Young) had previously operated on the same finger on June 26, 2009, but Plaintiff's problems had not resolved.[1] After his February 2010 surgery, the surgeon's physical therapist gave Plaintiff a set of written instructions for exercises to rehabilitate his finger (See Doc. 1-1, pp. 34-37). The same instructions

---

[1] Plaintiff has filed a second lawsuit against a different prison doctor, *Williams v. Feinerman*, Case No. 11-cv-448-MJR (S.D. Ill., filed May 25, 2011), in which he explains that the finger was originally injured in 2009 in a fight between Plaintiff and another inmate.

were given to Defendant Fahim (the medical doctor at Menard). One page of these instructions specified that Plaintiff was not supposed to do that particular exercise (using a "squeeze ball") until after the pin and sutures are removed from his finger and the surgeon releases Plaintiff to start strength exercises (Doc. 1, p. 6; Doc. 1-1, p. 37). The sheet also said Plaintiff should not start the exercise before April 7, 2010.

Despite these instructions, Defendant Fahim had Plaintiff perform the restricted squeeze ball exercise starting on February 26, 2010, two days after his surgery. Plaintiff claims that Defendant Fahim continued to have Plaintiff do the squeeze ball exercise, despite Plaintiff's protests that he was not supposed to do it, during the entire time that Plaintiff remained in the Health Care Unit (Doc. 1, p. 6). Plaintiff stayed in the Health Care Unit for at least twelve days; the latest date on his inpatient notes was March 9, 2010 (Doc. 1-1, p. 73). During that period, the pin and sutures remained in Plaintiff's finger. Under these circumstances, exercising the finger as Defendant Fahim directed caused Plaintiff to suffer severe pain. Plaintiff implies, by his request for another operation, that his finger is still not back to normal.

Plaintiff also names Jeannette Cowan (a Menard grievance officer), and Wexford (the company that provides medical services to prisoners), as Defendants. He requests compensatory and punitive damages, and seeks another operation on his finger.

**Discussion**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional

denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take

sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

In the instant case, Plaintiff's complaint meets the objective element of an Eighth Amendment claim. He had a serious medical condition in that he needed to recover from surgery on his finger, where a temporary pin had been inserted. *See Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Thus, the key question is whether Defendant Fahim's instructions to Plaintiff to perform the prohibited finger exercises amounted to deliberate indifference.

With respect to the subjective element of an Eighth Amendment claim, the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1374. *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Duckworth v. Ahmad*, 532 F.3d 675, 681 (7th Cir. 2008) (failure to rule out cancer immediately in light of persistent bloody urine may have been malpractice but was not deliberate indifference).

Plaintiff asserts that Defendant Fahim received a copy of the therapist's instructions that Plaintiff was not to perform the squeeze ball exercise until after the removal of the pin and clearance from the surgeon, thus he had knowledge of those restrictions. In addition, Plaintiff told Defendant Fahim that it was too early for him to start that exercise, but Defendant Fahim required him to perform it anyway. Where a prison doctor is aware of express post-operative instructions regarding an inmate's medical care, but deliberately disregards them, a fact-finder may conclude that the

doctor had sufficient knowledge of the risk of harm to sustain a deliberate indifference claim. *See Gil v. Reed*, 381 F.3d 649, 662-64 (7th Cir. 2004) (prison doctor prescribed Tylenol despite surgeon's express warning to avoid that medication); *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999) (prison doctor refused to follow specialists' instructions regarding inmate's treatment).

On the other hand, the evidence may ultimately show that Defendant Fahim's failure to follow the post-operative instructions regarding Plaintiff's rehabilitation exercises did not amount to a conscious disregard of a known risk to Plaintiff's health, and instead was mere negligence or malpractice. At this stage of the litigation, Defendant Fahim's subjective state of mind cannot be determined; however, Plaintiff's allegations are sufficient to state a claim of deliberate indifference to survive preliminary review under § 1915A. Therefore, the claim against Defendant Fahim shall receive further consideration.

**Defendants Cowan and Wexford**

Although Plaintiff listed Jeannette Cowan and Wexford as named Defendants, he made no specific allegations of wrongdoing against them in the body of his complaint. As for Defendant Cowan, he states only that he forwarded a grievance to her but never got it back. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, Plaintiff's claim against Defendant Cowan shall be dismissed with prejudice.

It appears that Plaintiff has named Wexford as a Defendant because Defendant Fahim is

Wexford's employee (Doc. 1, p. 8). Wexford Health Care Services is a corporation that employs the prison physicians and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff makes no allegation that Defendant Fahim acted or failed to act as a result of an official policy espoused by Defendant Wexford. Therefore, Plaintiff has failed to state a claim against Defendant Wexford, and this Defendant shall also be dismissed from the action with prejudice.

**Pending Motions**

Plaintiff has four pending motions. On April 2, 2012, he filed a motion for status report (Doc. 21). Then on April 23, 2012, Plaintiff filed a motion (Doc. 22) to dismiss his motion for status report. The Court **GRANTS** Plaintiff's motion (Doc. 22) to dismiss the motion for status report.

On March 19, 2012, Plaintiff filed a motion for leave to file addendum (Doc. 20). In it, Plaintiff requests to file three additional documents (at least two of which are already in the Court record in Doc. 1-1). However, he also seeks to add several new allegations that did not appear in his original complaint. This cannot be done in a piecemeal fashion. If Plaintiff wishes to add to the allegations in his complaint, he must tender an amended complaint in accordance with Federal Rule of Civil Procedure 15 and Local Rule 15.1.[2] An amended complaint supersedes and replaces the

---

[2] Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" In addition, in this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." Local Rule 15.1.

original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, an amended complaint must be complete and stand on its own without reference to a prior pleading. Accordingly, Plaintiff's motion for leave to file addendum (Doc. 20) is **DENIED**.

Finally, Plaintiff's motion (Doc. 23) requesting all motions filed in March 2012 states that the Court has not acted on his motion for leave to file addendum, and seeks a reply. Now that the Court has disposed of all other motions, this motion (Doc. 23) is **DENIED AS MOOT.**

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff fails to state a claim upon which relief may be granted against Defendants **COWAN** and **WEXFORD**; these Defendants are therefore **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **FAHIM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only

for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

     **IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

     Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

     Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

     Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

     **IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

     Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security

for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 18, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge