IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-447-DGW |
| | ) |
| DR. FAHIM, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter comes before the Court on the following motions filed by *pro se* Plaintiff Robert Williams:

1. Motion for Reappointment of Counsel (Doc. 38);

2. Motion to the Clerk Regarding Legal Mail (Doc. 39);

3. Motion to Appear for Deposition Hearing (Doc. 44);

4. Two Motions for Writs of Habeas Corpus Ad Testificandum (Docs. 45 and 47);

5. Motion to Withdraw Writ of Habeas Corpus Ad Testificandum (Doc. 49); and

6. Motion in Limine (Doc. 51).

The Court will address each motion in turn.

**MOTION FOR REAPPOINTMENT OF COUNSEL (DOC. 38)**

Plaintiff sought appointment of counsel at the outset of the case (Doc. 2), on September 30, 2011 (Doc. 10), and on January 19, 2012 (Doc. 17). The Court denied each of these motions as premature (Docs. 4, 10, and 19). Plaintiff again seeks appointment of counsel (Doc. 38). He

indicates that in July 2012 he received a Motion for HIPAA Qualified Protective Order filed by Defendant. Plaintiff states he did not understand how to respond to the motion and needs an attorney to assist him. The purpose of the HIPAA Protective Order is to prevent Plaintiff's medical records, which are at issue in the case, from unauthorized disclosure. The Court granted Defendant's Motion for HIPAA Qualified Protective Order on July 30, 2012 (Doc. 37). Plaintiff was not required to file any response to this motion.

The Court does not believe that the Defendant's filing of a motion for HIPAA Protective Order changed the circumstances of the case to warrant appointment of counsel. The Court will hold a hearing on the issue of exhaustion of administrative remedies on October 30, 2012. Plaintiff may ask for appointment of counsel again at that time. Until then, the Motion for Reappointment of Counsel (Doc. 38) is **DENIED without prejudice**.

### MOTION TO THE CLERK REGARDING LEGAL MAIL (DOC. 39)

Plaintiff states that he received correspondence through the United States Postal Service from the law firm of Sandberg Phoenix and VonGontard. He claims that this legal mail was opened in the mailroom at Menard. Plaintiff considers the opening of his legal mail outside of his presence to be improper tampering by Menard staff. He argues that his legal mail should be opened only in his presence. He asks the Court to investigate his claims of mail tampering.

Mail tampering is not an issue in this lawsuit. The Court will interfere with the day-to-day management of prisons under only extraordinary circumstances in which an inmate alleges he is in imminent danger of harm. Plaintiff's complaints about irregularities in the performance of the Menard mailroom do no suggest he is in danger of physical harm. As stated, Plaintiff's complaint most closely resembles a claim of interference with his right of access to the courts. If Plaintiff

wishes to raise such a claim, he must do so in a separate lawsuit. Therefore, Plaintiff's Motion Regarding Legal Mail (Doc. 39) is **DENIED**.

### MOTION TO APPEAR FOR DEPOSITION HEARING (DOC. 44)

Plaintiff asks the Court to allow him to appear in person for any depositions taken in the case. He states specifically that he needs to question Jackie Miller. If the Court will not allow him to appear, he asks for appointment of counsel to appear on his behalf.

Plaintiff may ask questions of Jackie Miller through written discovery mechanisms such as interrogatories and requests for production. If these methods are insufficient, Plaintiff may file a motion to compel with the Court seeking responses. Because those strategies are available to Plaintiff, he does not need to appear for deposition of Jackie Miller. Accordingly, his motion is **DENIED**.

### MOTIONS FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (DOCS. 45 AND 47) AND MOTION TO WITHDRAW PETITIONS FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (DOC. 49).

In the two motions for writ of habeas corpus ad testificandum, Plaintiff sought permission to depose the custodian of records (Doc. 45) and Jackie Miller (Doc. 47). Plaintiff now seeks to withdraw these motions (Doc. 49). That request is **GRANTED**. The motions may be withdrawn. The Clerk is **DIRECTED** to terminate the motions for writ of habeas corpus ad testificandum.

### MOTION IN LIMINE (DOC. 51)

In this motion, Plaintiff claims that the Clerk of Court has placed him in danger of harm from prison officials and fellow inmates because the nature of his crimes was specified in an order issued by the Court. He alleges that as a result, prison officials have taken to calling him names

related to his criminal offenses in front of other inmates, which places him in danger of physical assault or death at the hands of other inmates. He asks the Court to discontinue referring to his criminal offenses in orders issued by the Court.

The Court did not intend to subject Plaintiff to physical harm. To the extent that it is possible, the Court will attempt to avoid naming the criminal offenses causing Plaintiff's incarceration. Thus, the motion is **GRANTED**.

### CONCLUSION

Accordingly, Plaintiff's Motion for Reappointment of Counsel (Doc. 38) is **DENIED without prejudice**; the Motion Regarding Legal Mail (Doc. 39) is **DENIED**; the Motion to Appear for Deposition Hearing (Doc 44) is **DENIED**; the Motion to Withdraw Motions for Writ of Habeas Corpus Ad Testificandum (Doc. 49) is **GRANTED**; the Clerk is **DIRECTED** to terminate the Motions for Writ of Habeas Corpus Ad Testificandum (Doc. 45 and 47); and the Motion in Limine (Doc. 51) is **GRANTED**.

**DATED: September 27, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**