IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:11-cv-447-DGW |
| DR. FAHIM, | ) ) ) |
| Defendant. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is a Motion for Summary Judgment (Doc. 71) filed by Defendant, Dr. Magid Fahim, on March 1, 2013. For the reasons set forth below, Defendant's motion is hereby **GRANTED**.

**INTRODUCTION**

Plaintiff, Robert Williams, an inmate currently at Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 while he was incarcerated at Menard Correctional Center. In May 2009, Plaintiff was involved in an altercation resulting in an injury to his left middle finger that necessitated two surgeries. Plaintiff asserts that Defendant's subsequent treatment of that injury amounted to a deliberate indifference to his serious medical needs. Defendant contends that Plaintiff's claim fails on the merits and that he is entitled to qualified immunity.

**BACKGROUND**

In May 2009, Plaintiff was involved in an altercation that resulted in an injury to his left middle finger. Dr. Feinerman, the treating physician, ordered Plaintiff to see an outside specialist after initial medical treatment and prescription painkillers failed to alleviate his pain and restore

the functionality of his finger. In June 2009, Dr. Young, an orthopedic specialist and surgeon at Southern Illinois Orthopedic Associates, performed surgery on Plaintiff's finger. The pain persisted after the surgery, and Plaintiff's finger remained non-functional. Plaintiff twice asked Dr. Feinerman for permission to attend physical therapy, but Dr. Feinerman denied the requests and instructed him to self-treat and perform physical therapy exercises on his own.

Plaintiff was first treated by Defendant in October 2009, four months after his initial surgery. At that time, Plaintiff's finger was bent and non-functional, and he had no real range of motion. Defendant prescribed painkillers for Plaintiff. In January 2010, Plaintiff was approved for a second surgery and education on physical therapy. Before the surgery, Defendant met with Plaintiff to observe his finger and to discuss physical therapy on three different occasions. During the first visit on January 28, 2010, Defendant decided that Plaintiff would be educated about physical therapy at Dr. Young's office so that he could self-treat; Defendant decided not to send Plaintiff to physical therapy. During the second and third visits, February 9, 2010 and February 23, 2010, respectively, Defendant again denied physical therapy.

After the second surgery, Dr. Young gave Plaintiff a set of written instructions for exercises he should perform to rehabilitate his finger. Those same instructions were given to Defendant. Dr. Young's instructions specified that Plaintiff was not to perform a particular exercise—an exercise that involved squeezing a ball—until after the pin and sutures, inserted at the time of surgery, were removed from his finger and after Dr. Young released him to start strength exercises. Dr. Young instructed Plaintiff to start the exercise after April 7, 2010. Despite these instructions, Defendant had Plaintiff perform the exercise on February 29, 2010, five days after his surgery. Plaintiff claims that Defendant continued to have him perform the exercise,

2

despite his protests that he was not supposed to perform said exercise until later in his recovery. Further, Dr. Young directed the pin and sutures to be removed on March 10, 2010, fourteen days after the second surgery. Defendant did not refer Plaintiff to Southern Illinois Orthopedics to have the pin and sutures removed until March 26, 2010, sixteen days later than Dr. Young directed. Plaintiff contends that, under these circumstances, Defendant was deliberately indifferent to his serious medical needs.

## Discussion

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d

3

1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, Plaintiff must show first that his condition was "objectively, sufficiently serious" and second that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted).

The following circumstances could constitute a serious medical need: "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie County,* 394 F.3d 510, 512-513 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

Second, a prisoner must show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985).

4

Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Put another way, the Plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (citations omitted). A plaintiff does not have to prove that his complaints of pain were "literally ignored," but only that "the defendants' responses to it were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). "Even if the defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 843).

Plaintiff's disagreement with Defendant's prescribed course of treatment does not rise to the level of a constitutional violation.[1] *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts."). Plaintiff has failed to show that Defendant acted without exercising medical judgment, and that judgment is accorded deference unless "no minimally competent

---

[1] Defendant concedes that Plaintiff's injury constitutes a serious medical need. The only issue is whether Defendant had a sufficiently culpable state of mind, namely, deliberate indifference.

5

professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

Viewing the facts in the light most favorable to Plaintiff, after his second surgery, Dr. Young gave Plaintiff certain instructions regarding his recovery. Dr. Young advised Plaintiff to refrain from any physical therapy exercises until the pin and suture, inserted at the time of surgery, were removed. Dr. Young also advised Plaintiff to refrain from physical therapy exercises until Plaintiff received clearance from him. Defendant, however, advised Plaintiff to begin extending his finger on February 29, 2010, five days after the surgery. Dr. Young directed the pin and sutures to be removed on March 10, 2010, fourteen days after the second surgery. Defendant did not refer Plaintiff to Southern Illinois Orthopedics to have the pin and sutures removed until March 26, 2010, sixteen days later than Dr. Young directed. Further, Dr. Young suggested that Plaintiff attend physical therapy, while Defendant ordered self-directed physical therapy.

At best, Plaintiff has established that Defendant's course of treatment differed from the treatment Dr. Young recommended. Mere differences of opinion among medical personnel regarding a patient's appropriate treatment, however, do not give rise to deliberate indifference. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). The record shows that Defendant provided adequate medical care to which Plaintiff was entitled. *See Boyce v. Moore*, 314 F.3d 884, 888-89 (7th Cir. 2002) ("Inmates are entitled to adequate medical care."). Defendant examined Plaintiff upon his request, recommended Plaintiff for a second surgery, instructed him on the physical therapy exercises Dr. Young recommended, and provided a makeshift physical therapy ball to aid him in his recovery. Plaintiff's contentions—namely that

Dr. Fahim blocked Mr. Williams from receiving routine care, did not follow the post-operative instructions regarding the removal of sutures and a pin, and instructed physical therapy to begin too soon—may constitute a claim for negligence. Negligent treatment, however, is not an Eighth Amendment violation. *See Estelle*, 429 U.S. at 104 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff has failed to show that Defendant's responses to his serious medical needs were so plainly inappropriate as to permit the inference that he intentionally or recklessly disregarded his needs. Further, the record is wholly devoid of any evidence to suggest that Defendant acted with hostility in treating Plaintiff, as Plaintiff alleges.

Plaintiff's further contention that Defendant should have sent him to physical therapy instead of ordering self-directed physical therapy is of no consequence as a prisoner is not entitled to demand specific care. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997) ("A prisoner is entitled only to reasonable measures to meet a substantial risk of serious harm - not to demand specific care or to receive the best care possible."). The totality of the circumstances show that Defendant was not deliberately indifferent to Plaintiff's serious medical needs. As such, Plaintiff has failed to show that Defendant violated his constitutional rights.

In light of the foregoing conclusion that there was no constitutional violation, Defendant is entitled to qualified immunity. In determining whether a defendant is entitled to qualified immunity, the Court must consider two questions: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"; and, 2. was "the right clearly established?" *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Saucier*, 533 U.S. 194, 201 (2001); *See also Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012). Qualified immunity "protects all but the plainly incompetent or those who knowingly

7

violate the law." *Estate of Escobedo v. Martin*, 702 F.3d 388, 404 (7th Cir. 2012) (quotation marks and citations omitted). And, "if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Defendant did not exhibit such a lapse in medical judgment that his actions can be seen as violating the Eighth Amendment's deliberate indifference standard. Indeed, the record reveals that Defendant provided Plaintiff adequate care in treating his finger injury. Therefore, there is no showing that Plaintiff's constitutional rights were violated such that Defendant should be tasked with defending this lawsuit.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant, Dr. Fahim, and against Plaintiff, Robert Williams.

**IT IS SO ORDERED.**

**DATED:** October 1, 2013

**DONALD G. WILKERSON**
**United States Magistrate Judge**

8